Tim Gomes (168140)
LAW OFFICE OF TIM GOMES
4137 Abel Avenue
Palo Alto, CA 94306
Ph (650) 656-9137
F:  (650) 656-9155
courthelp@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SABEL, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, GREG SHUR, in his capacity as Chief of Police, SAN FRANCISCO POLICE DEPARTMENT, TONY CHAPLIN in his capacity as Chief of Police, SAN FRANCISCO POLICE DEPARTMENT, ADAM EATIA, individually and in his capacity as a Peace Officer for the City and County of San Francisco, WILLIAM KRAUS, individually and in his capacity as a Peace Officer for the City and County of San Francisco, NIKKO BRAVO and DOES 1 - 200, jointly and severally. <br><br> Defendants | Case No. <br><br> COMPLAINT FOR DAMAGES <br><br> JURY TRIAL <br><br> 1. Violation of Civil Rights - 42 U.S.C. §1983 <br> 2. Violation of Civil Rights - 42 U.S.C. §1983 -- *Monell* <br> 3. Violation of Civil Rights - 42 U.S.C. §1981 <br> 4. Violation of 42 U.S.C. §1983 -Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline <br> 5. Injunctive Relief and Declaratory Relief <br> 6. Breach of Lease <br> 7. Malicious Prosecution |

Plaintiff alleges as follows:

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. sections 1981 , 1983, and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of California, against the CCSF and County of San Francisco (hereinafter referred to as the "CCSF", the San Francisco Police Department (hereinafter referred to as the "SFPD" Former Police Chief Greg Shur, Police Chief Tony Chaplin;  Police Officer Adam Eatia (hereinafter referred to as "Officer Eatia" William Kraus (hereinafter referred to as "Officer Kraus"and fictitiously named Defendants Does 1-200 (individually, and in their capacities as police officers and supervisory personnel for the CCSF).

**PARTIES**

2. Plaintiff Norman Sabel (hereinafter referred to as 'plaintiff') is and at all times herein mentioned was a resident of the City and County of San Francisco.

3. Defendant CCSF is a political subdivision of the State of California, duly organized existing under the laws of the State of California, San Francisco Police Department is a duly organized agency of the CCSF (These two defendants may also hereinafter be referred  to jointly as the "CCSF".)

4. At all times mentioned herein, defendants CCSF; Greg Shur, Former Chief of Police of the San Francisco Police Department, and was acting within the course and scope of his office.

5.  Tony Chaplin is the Chief of Police of the San Francisco Police Department, and was acting within the course and scope of his office.

6. At all times mentioned herein, defendants Officer Eatia, Officer Kraus and Does 1 to 200 were employed as police officers for the CCSF. Defendants Officer Eatia, Officer Kraus,

and Does 1 to 200 are sued individually, in their capacities as police officers for the CCSF. By engaging in the conduct described herein, defendants Eatia, Kraus, and Does 1 to 200 acted under color of law and in the course and scope of their employment for defendant CCSF engaging in the conduct described herein, defendant Officer Eatia, Officer Kraus, Former Chief Greg Shur, Chief Tony Chaplin and Does 1 to 200 exceeded the authority vested in them as police officers under the United States Constitution and as employees of the CCSF. At all times mentioned herein, Does 1 to 200 was employed as supervisory personnel in the Department. Does 1 to 200 are sued individually, and in their capacities as supervisory personnel for the CCSF. By engaging in the conduct described herein, Does 1 to 200 acted under color of law and in the course and scope of their employment for defendant CCSF. By engaging in the conduct described herein, Does 1 to 200 exceeded the authority vested in them as supervisory personnel of the CCSF under the United States and California Constitutions and laws, and as employees of the CCSF.

7.  Plaintiff is ignorant of the true names and capacities of Defendants Does 1 to 200, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Doe defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of defendants Does 1 through 200, inclusive, when they have been ascertained.

8.  At all times herein mentioned each Doe defendant was the agent or employee of defendants CCSF, Officer Eatia and Officer Kraus in doing the things alleged, was acting within the course and scope of such agency or employment, and with the actual or

implied permission or consent, authorization, and approval of defendants CCSF, Former

Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin.


## STATEMENT OF FACTS

9.  On June 24, 2013, between the approximate hours of 10:30pm and 12:30am, Officer

Adam Eatia Badge No. 226, arrested Norman Sabel at 1725 Fulton Street in San

Francisco, California 94117. In the course of this arrest, which was not based on

probable cause, Officer Eatia threatened plaintiff with his firearm and also beat on

plaintiff with his telescoping baton in a manner likely to cause serious injury or death.

Plaintiff was working on a leak in the bathroom of unit 20 when Officer Eatia entered the

apartment with his gun drawn and ordered plaintiff out of the bathroom.  Officer Eatia

did not attempt to find out if plaintiff had a lawful reason to be present in the apartment.

Plaintiff would not come out of the bathroom and asked Officer Eatia to put down his

gun.  When Officer Eatia encountered verbal resistance from plaintiff, instead of de-

escalating the situation as a properly trained officer would have done, Officer Eatia said,

"I am going to work on you, if you don't come out here."  While plaintiff had a small

utility knife (the blade was one in.), Officer Eatia was not threatened by it.  Officer Eatia

ordered back up but did not wait for its arrival.  There was no reason why Officer Eatia

could not wait for his back up to arrive but instead he drew his baton and began to strike

plaintiff numerous times with the baton causing injuries to the plaintiff.  Officer Eatia's

actions were unjustified, in violation of the express policies of the San Francisco Police

Department; hereinafter know as "SFPD, regarding the use of force and the POST

training standards regarding the use of force, and in violation of federal and state

constitutional provisions and criminal statutes. Plaintiff was (excessively, unlawfully, and unnecessarily) assaulted, battered, arrested, and restrained by Officer Eatia and Does I to 200 for no excusable, just, or lawful reason and in violation of plaintiff's civil rights under the laws and constitutions of the United States and of the State of California.

10. At all times herein mentioned, Former Chief of Police Greg Shur, Chief of Police Chaplin, Officer Eatia, Officer Kraus and Does 1 to 200 were acting within the course and scope of their employment with the CCSF, and were acting under color of state law.

11. Following the arrest, Officer Eatia provided a false statement of facts to Officer William Kraus No. 1540. In addition, in writing and submitting a report under penalty of perjury, Officer Kraus included not only the false statement of Officer Eatia, but also his own false statement. In making these false statements, and including them in a false police report, Officers Eatia and Kraus, both veteran officers knew or should have known that they would cause plaintiff to face prosecution for criminal offenses he did not commit. Moreover, they knew or should have known that what they were doing is a crime and is in violation of plaintiff's federal and state constitutional rights. Consistent with the false arrest report, unknown police officers also made a false entry in the official Use of Force Log concerning the force used on plaintiff. The police brutality of Officer Eatia was committed under color of state law. It was encouraged or authorized by tacit policies or customs of and or the result of inadequate training by the SFPD, the supervisors, and administrators of which know, or should have known or deliberately choose not to know, of Officer Eatia's history of and propensity for unjustified violence while on duty. Likewise, the false statements given by Officers Eatia and Kraus and the false report written and submitted by Officer Kraus were made under color of state law. This illegal

conduct is encouraged or authorized by tacit policies and customs of and/or the result of inadequate training by, the San Francisco Police Department, the supervisors and administrators who are more interested in criminal convictions than in truth.

12.  Plaintiff had not physically resisted, threatened or assaulted Officer Eatia, Does 1 to 200 or any other police officer, while simply questioning and making statements out of fear of Officer Eatia, requested the officer put his gun down. There was no reason why Officer Eatia did not investigate nor did he request to see plaintiff's ID or make any effort to determine whether plaintiff was lawfully present in apartment 20 at 1725 Fulton Street. The actions of defendants Former Chief of Police Greg Shur, Chief of Police Tony Chaplin, Officer Eatia, Officer Kraus and Does 1 to 200 violated plaintiff s rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and under the laws and Constitution of the State of California. These violations  were committed as a result of policies and customs of the CCSF and the  SFPD that were allowed, accepted and promoted by Former Police Chief Greg Shur and Police Chief Tony Chaplin and which constituted a deliberate indifference to the foreseeable Constitutional consequences as stated and exemplified by plaintiff's incident heretofore alleged.

13. Defendant Nikko Bravo (hereinafter "Defendant Bravo"),  upon information and belief, had called 911 in an effort to obtain the arrest and prosecution of plaintiff regarding his efforts to seek entry for repairs while further partially, but substantially, causing the unlawful imprisonment and arrest of Plaintiff as more particularly set forth hereafter. Alternatively, defendant Bravo conspired and agreed with the remaining defendants to violate Plaintiff's rights as more particularly alleged hereafter. All of the acts and/or

omissions of Defendant Bravo were done while a tenant at plaintiff's apartment building located at 1725 Fulton Street. Defendant Bravo filed false police complaints to SFPD dispatch in a scheme and effort to build a case in order to file a civil action against plaintiff.

14. Upon information and belief and, in part, relying upon a heavily-redacted incident report executed by defendant Officer Eatia, Plaintiff was placed under unlawful arrest for claimed violations of Penal Code §§243(c)(2), 245(c) , 148(a)(1), 148(a)(1) and 602.5(a). Plaintiff alternatively alleges that Officer Eatia  pretextually (after already arresting Plaintiff) asked for and obtained, from Defendant Bravo, his signature on a "Citizen's Complaint Form" for the purpose of immunizing plaintiff's unlawful arrest and/or imprisonment by purporting to simply be receiving delivery of plaintiff from Bravo's citizen's arrest. In the alternative, Defendant Bravo, by virtue of the execution of the Citizen's Arrest Form unlawfully and falsely arrested and imprisoned Plaintiff as more particularly set forth hereafter, in bad faith and without probable cause that Plaintiff had committed any crime.

**FIRST CAUSE OF ACTION**
**(Violation of Civil Rights -42 U.S.C. §1983)**
**(Against Defendants CCSF, Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin, Officer Eatia, Officer Kraus and Does 1 to 200)**

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

16. In doing the acts complained of, defendants acted under color of state law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

    a.   The right to be free from the use of excessive force, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

b. The right to be free of unreasonable searches and seizures, and unlawful arrest, as protected by the Fourth Amendment to the United States Constitution.

c. The right to freedom of speech protected by the First Amendment to the United States Constitution.

17. As a proximate result of defendants' conduct, plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Violation of Civil Rights -42 U.S.C. §1983 -- *Monell*)
### (Against Defendants CCSF, Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin, Officer Eatia, Officer Kraus, and Does 1 to 200)

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

19. Defendants CCSF, Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin and Does 1 to 200, by and through their supervisory officials and employees, Does 1 to 200, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant Officer Eatia, and Does 1 to 200, and other CCSF police officers, consisting of the use of unnecessary and excessive force against residents and false arrests of residents. Specifically, arresting residents without probable cause such as is the case of plaintiff, and using excessive and unnecessary force against residents such as is the case with plaintiff and as set forth above. Notwithstanding said notice, CCSF, Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin , and Does 1 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures

COMPLAINT FOR DAMAGES  42 USC SEC 1983 et al

8

to prevent the continued perpetuation of said pattern of conduct by Officer Eatia, Does 1 to 200 and other CCSF police officers. This lack of adequate supervisorial response by CCSF, Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin and Does 1 to 200 demonstrates ratification of the defendant police officers' unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by CCSF SFPD police officers.

20. The acts of defendants Officer Eatia, Officer Kraus and Does 1 to 200, as alleged herein, are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CCSF, Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin and Does 1 to 200, to violations of the constitutional rights of citizens by defendant police officers, and other members of the Department. Defendants CCSF, Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin , and Does 1 to 200 have taken no action to stop the false/alleged arrests or the use of excessive force as is the case with the plaintiff, as set forth above. Plaintiff's injuries and damages were foreseeable and were the proximate result of the deliberate indifference of the CCSF. Former Chief of SFPD Greg Shur, Chief of SFPD Tony Chaplin  and Does 1 to 200 to the patterns, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of Civil Rights -42 U.S.C. § 1981)**
**(Against Defendants CCSF,Former Chief of Police Greg Shur, Chief of Police Tony Chaplin,  Officer Eatia, Officer Kraus, and Does 1 to 200)**

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

22. In committing the wrongful acts described herein, defendants Officer Eatia, Officer Kraus and Does 1 to 200 engaged in the improper ethnically-motivated misuse of government power.

23. The above-described acts of defendants Officer Eatia, Officer Kraus and Does I to 200 further deprived plaintiff of his rights protected by 42 U.S.C. §1981, to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by all citizens, and to be subject to like restrictions, punishment, pains, penalties, and exactions of every kind, and to no other.

24. The conduct of defendants Officer Eatia, Officer Kraus and Does 1 to 200 was committed with the intent to deprive plaintiff of the above-described rights because of his Jewish ancestry.

25. The wrongful conduct of defendants Officer Eatia, Officer Kraus Does 1 to 200 proximately resulted in plaintiff suffering injuries and damages as herein set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of 42 U.S.C. §1983 -Negligent Selection, Training,**
**(Retention, Supervision, Investigation, and Discipline)**
**(Against CCSF, Former Chief of Police Greg Shur, Chief of Police Tony Chaplin and Does**
**1 to 200)**

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

27. Defendants CCSF, Former Chief of Police Greg Shur, Chief of Police Tony Chaplin and Does 1 to 200 have, and, at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline

defendants Officers Eatia, Kraus and Does 1 to 200 herein so as to avoid unreasonable risk of harm to persons.

28. Said defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and unlawful practices by defendants Officer Eatia and Does 1 to 200, and other CCSF police officers, including the use of unnecessary and excessive force against persons.

29. Notwithstanding this notice, defendants CCSF, Former Chief of Police Greg Shur, Chief of Police Tony Chaplin and Does 1 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by CCSF police officers and defendants Officer Eatia and Does 1 to 200.

30. Said defendants breached their duty of care to residents in that they have failed to adequately train defendants Officer Eatia, Officer Kraus and Does 1 to 200, and other CCSF police officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisory response by defendants CCSF, Former Chief of Police Greg Shur, Chief of Police Tony Chaplin and Does 1 to 200, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against residents, and violation of the civil rights of residents by CCSF police officers Eatia, Kraus and Does 1 to 200.

31. The wrongful conduct of these defendants proximately resulted in plaintiff suffering damages as set forth herein.

WHEREFORE , Plaintiff prays for relief as set forth herein.

**FIFTH CAUSE OF ACTION**
**(Injunctive Relief and Declaratory Relief)**
**(Against Defendants CCSF, Former Chief of Police Greg Shur, Chief of Police Tony Chaplin, Officers Eatia, Kraus, and Does 1 to 200)**

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

33. The continuing pattern, as described above, of defendants maliciously, intentionally, oppressively, willfully, and in conscious disregard of rights of a protected class of citizens of the CCSF and County of San Francisco depriving minority citizens of liberty, freedom from unlawful arrest, and freedom of speech without due process of law, and depriving them of equal protection of the laws, in violation of the First, Fourth and Fourteenth amendments of the Constitution of the United States and 42 U.S.C. §1983 and in discriminating against citizens based on race, ancestry or gender reflects flawed policies which are encouraged and enforced by deliberate supervisorial indifference to their foreseeable constitutional consequences. The continued use of such policies, encourages members of the CCSF and County of San Francisco Police Department to restrain, batter, discriminate, and falsely imprison/arrest citizens without due process or just cause, in contravention of the  Constitution of the United States of America.

34. Accordingly, unless and until the relief demanded in this complaint is granted, plaintiff has no reason to believe that his right to privacy, to be free from false imprisonment, as well as false arrest, and criminal prosecution, equal protection, discrimination, due process and the other rights herein mentioned will continue to be threatened. Therefore, unless the relief demanded is granted, plaintiff will suffer serious and irreparable injury by the threat of loss of his fundamental constitutional rights.

35. Plaintiff has no plain, complete and adequate remedy at law to redress these violations, and threatened violations, and this suit for declaratory relief, injunctive relief, and damages, is their only means of securing complete and adequate relief. No other remedy would offer plaintiff substantial and complete protection from continuation of defendants' unlawful and unconstitutional acts, policies, and practices. Plaintiff has protectable interests that outweigh defendants' interest in maintaining such inequitable and unreasonable policies and procedures.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Breach of Lease against Defendant Nikko Bravo and Does 1-200)

36. Defendant Nikko Bravo had changed the locks to unit 20 without authorization or permission of the owner preventing access by plaintiff to make necessary repairs to prevent further damage to his building by water leakage from defendant Bravo's unit. Bravo's unauthorized change of the locks to his apartment was a material breach of his lease. Plaintiff had performed all of his obligations under the Lease.

37. Plaintiff has incurred and continues to incur attorneys' fees as a direct result of the filing of this lawsuit and pursuant to the terms of the Lease, Plaintiff is entitled to recover attorneys' fees against defendant Bravo for his breach of the lease by the act of changing locks and not providing a copy of the key to plaintiff, owner of the property at 1725 Fulton Street.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Malicious Prosecution against Defendant Nikko Bravo and Does 1-200)

38. Plaintiff realleges and incorporates by reference paragraphs 13 through 14 of this complaint.

39.   Defendant Bravo's made numerous 911 calls for emergency response from the San Francisco Police and Fire Departments to 1725 Fulton Street with all complaints being false allegations against the plaintiff.  It was defendant Bravo's intent to file a civil action against the plaintiff by dishonestly making allegations against the plaintiff for both civil and criminal law violations. The incident involving plaintiff's arrest was planned by defendant Bravo in advance and defendant Bravo had prepared a video camera to record the events for his civil case.  Such a complaint based on defendant Bravo's 911 call on June 24, 2013 resulted in plaintiff's arrest and prosecution under Penal Code Sections §§243(c)(2), a felony,  245(c) , a felony, 594(b)(1);  148(a)(1), 148(a)(1) and 602.(m) all misdemeanors. Defendant had purposely changed the locks to apartment 20 so as to prevent plaintiff/owner's access to the apartment.  As a consequence upon the necessity for emergency repairs defendant Bravo forced the entrance to his apartment in order to gain advantage in a civil suit against plaintiff.  Plaintiff was prosecuted in Action 13017595 by the San Francisco District Attorney's Office and all charges were dismissed for lack of evidence on September 8, 2015 at the Superior Court of San Francisco.

40.  Defendant Bravo acted with malice and hatred towards the plaintiff.  Defendant Bravo's numerous and continuous 911 calls based on false statements pertaining to the building and the plaintiff show a motive of hatred and ill will towards the plaintiff with a plan to obtain a settlement based on an insurance claim. Indeed, defendant Bravo received a significant settlement which was not approved or agreed to by my client.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES  42 USC SEC 1983 et al

14

1

### CLAIM REQUIREMENT

2

3    This action arises under the Fourth, Fifth and Fourteenth Amendments to the United

States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988. and under the

4

5    *Cal. Gov't Code § 945.3* (West Supp. 1989). This section prevents civil actions against peace

6    officers from being filed while criminal charges are pending against the potential plaintiff. The

7    section also tolls the statute of limitations on the civil actions until the criminal charges are

8    resolved.

9

### JURY DEMAND

10

11    Plaintiff hereby demands a jury trial in this action.

12

### PRAYER

13    WHEREFORE, Plaintiff prays for relief as follows:

14

15    1. General damages according to proof at trial;

16    2. Special damages according to proof at trial;

17    3. Punitive damages against individual defendants Officer Eatia, Officer Kraus and Nikko

18       Bravo, and Does 1 to 200 according to proof at trial;

19    4. Exemplary damages and a civil penalties for each violation against plaintiff

20
21    5. Reasonable attorney fees pursuant to 42 U.S.C. §1988;

22    6. Costs of suit incurred herein;

23    7. As to Defendant Bravo, plaintiff suffered $40,000.00 in costs for attorneys fees and seeks

24       an award for reimbursement of attorneys fees associated with the malicious prosecution.

25    8. Defendant Bravo acted with malice towards the plaintiff and as such plaintiff petitions

26       the court for punitive damages in the amount of $500,000.

27
28    9. Such other and further relief as the Court may deem just and proper.

Dated: August 21, 2016

/s/ Timothy Gomes
LAW OFFICES OF TIMOTHY GOMES
Attorney for Norman Sabel

JS-CAND 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NORMAN SABEL | CITY AND COUNTY OF SAN FRANCISCO et al |

| **(b)** County of Residence of First Listed Plaintiff | San Francisco | County of Residence of First Listed Defendant | San Francisco |
|---|---|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | | *(IN U.S. PLAINTIFF CASES ONLY)* | |

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy Gomes
Law Office of Tim Gomes
4137 Abel Avenue
Palo Alto, CA 94306
(650) 656-9137
courthelp@gmail.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC § 881 | [ ] 422 Appeal 28 USC § 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury – Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC § 157 | [ ] 376 Qui Tam (31 USC § 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment Of Veteran's Benefits | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS–Third Party 26 USC § 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities– Employment | [ ] 535 Death Penalty | | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities– Other | **Other:** | | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation–Transfer
- [ ] 8  Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Unlawful Arrest; Excessive Force

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE 

DOCKET NUMBER 

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

(Place an "X" in One Box Only)   [x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE   [ ] EUREKA-MCKINLEYVILLE

DATE: 08/22/2016

SIGNATURE OF ATTORNEY OF RECORD: /s/Timothy Gomes