UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SABEL,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 16-cv-04832-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES, RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, AND FOR SANCTIONS; AND ORDERING PLAINTIFF'S COUNSEL TO APPEAR**<br><br>Docket No. 26 |

  Before the Court is Defendants' motion to compel discovery responses, filed May 19, 2017. *See* Docket No. 26. The dispute stems from Plaintiff's failure to provide any written responses to Defendants' Requests for Production and Interrogatories, and Plaintiff's failure to provide a complete production of documents. Having reviewed the record, the Court finds this motion appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Accordingly, for the reasons stated below, Defendants' motion to compel is **GRANTED IN PART** and **DENIED IN PART**. The Court conditionally **GRANTS** Defendants' motion for sanctions, but reserves its final decision until Plaintiff's counsel, Mr. Tim Gomes, has had an opportunity to appear at the September 12, 2017 Case Management Conference.

### I. INTRODUCTION AND FACTUAL BACKGROUND

A.  <u>Defendants' Discovery Requests and Meet and Confer Efforts</u>

  Defendants served Requests for Production of Documents and Interrogatories upon Plaintiff on February 14, 2017, pursuant to Federal Rules of Civil Procedure 33 and 34. Bers

Decl. ¶ 5 (Docket No. 26-1).[1] The discovery consisted of 7 requests for production and 13 interrogatories. *See* Bers Decl., Ex. A (Docket No. 26-2); Bers Decl., Ex. B (Docket No. 26-3). Plaintiff's responses and objections should have been due thirty days later, on March 16, 2017. *See* Fed. R. Civ. P. 33(b)(2); Fed R. Civ. P. 34(b)(2)(A). Plaintiff's counsel, Mr. Gomes, apparently requested an extension on March 23, 2017, after the deadline, to March 24, 2017.

On March 24, 2017, Plaintiff produced several hundred pages of documents, but did not provide written responses to Defendants' requests for production or interrogatories. Bers Decl. ¶ 9. At the deposition of non-party witness Nikko Bravo on March 30, 2017, Defendants met and conferred with Plaintiff about the missing discovery responses, and requested they be provided by April 24, 2017. *Id.* ¶ 10. However, Plaintiff did not produce any documents or written responses between March 30 and April 24. *Id.* ¶ 11.

On May 11, Plaintiff delivered a letter and 7 discs to Defendants, apparently containing videos and photographs, many of which, in Defendants' opinion, are irrelevant. *Id.* ¶¶ 13-20. Plaintiff apparently represented at the May 15, 2017 status conference that he would produce unverified responses to Defendants' interrogatories by close of business the same day, as well as documents related to a civil case between Plaintiff and Nikko Bravo, but these materials were never provided. *Id.* ¶ 23. Defendants attempted to follow-up with Mr. Gomes in writing and by telephone on May 16, May 18, and May 19. *Id.* ¶ 24-26.

Despite an open-ended representation that written responses and additional documents would be served, the City received no response from Mr. Gomes, prompting it to file the pending motion to compel on May 19, 2017. *Id.*

Plaintiff's counsel did not file an opposition to Defendants' motion. On June 9, 2017, Defendants filed a reply stating that Plaintiff's attorney requested a continuance of the original June 26, 2017 hearing date based on "extenuating circumstances in his personal life," to which they agreed. *See* Docket No. 28. Defendants correctly pointed out, however, that the briefing schedule could not be altered without leave of the Court. *Id.* In the three months since

---

[1] Counsel served an amended copy fixing a typographical error on February 21, 2017. Bers Decl. ¶ 6.

Defendants' motion was filed, Plaintiff has never sought leave of the Court with respect to his deadline to oppose the motion, which has long since passed, or to set a briefing schedule.

B. <u>Plaintiff's Counsel's Failure to Appear at Case Management Conferences and Comply With Court Orders</u>

This matter having been recently reassigned following the retirement of the Honorable Judge Thelton Henderson, *see* Docket No. 38, the Court finds it useful to briefly recount what has transpired since Defendant's motion to compel was filed. This background is relevant to the pending request for sanctions.

On June 12, 2017, a case management conference was held before Judge Henderson, at which Plaintiff's counsel of record, Mr. Gomes, did not appear. Instead, attorneys John Lee and James O'Gallagher made a special appearance for Plaintiff, and informed the court that they intended to meet with him to discuss the substitution of counsel. *See* Docket No. 29. Judge Henderson then vacated the June 26, 2017 hearing date for Defendants' motion to compel, and stated that the parties "shall address a new briefing and hearing schedule for the motion and the status of the substitution of counsel" at the following case management conference. *Id.*

On June 26, 2017, Judge Henderson held a second case management conference. *See* Docket No. 30. Plaintiff's counsel failed to appear. *Id.* The Court did not set a hearing date for the pending motion. *Id.*

On June 29, 2017, Judge Henderson issued an Order explaining:

> The Court understands that Mr. Gomes is experiencing some personal problems and is not unsympathetic. However, the Court cannot allow these issues to grind this case to a halt. Mr. Gomes has already missed several CMCs; failed to withdraw his improperly filed third amended complaint; failed to respond to discovery requests, even after being granted extensions; and failed to respond to Defendants' motion to compel discovery and for sanctions or to file a stipulation or motion to extend the briefing schedule.

Docket No. 31 at 1-2. Judge Henderson ordered Mr. Gomes to file a declaration by July 10, 2017 stating "he sent a copy of this order to Mr. Sabel," ordered the parties file a joint case management conference before July 24, 2017, and ordered the parties to appear for a case management conference on July 31, 2017. *Id.* at 2. Judge Henderson ordered Mr. Gomes to personally appear

3

at the case management conference unless a substitution of counsel had been filed. *Id.* Judge Henderson also warned that "[f]ailure to comply with any provisions of this order shall result in dismissal of this case without prejudice." *Id.*

Mr. Gomes did not file a declaration by July 10. In fact, he did not file one until over two weeks later, on July 25. *See* Docket No. 35. Further, contrary to Judge Henderson's order, Mr. Gomes filed a separate case management statement explaining the serious and dire medical circumstances and other crises afflicting his family, which failed to comply with the basic requirements for a case management statement. *See* Docket No. 33.[2] Apparently, separate statements were required because, despite Defendants' best efforts – including sending a draft joint statement to Mr. Gomes a full week before the deadline and then following up by e-mail and telephone – Mr. Gomes did not respond until the business day before the deadline, promising to submit comments to Defendants that evening. *See* Bers Decl. ¶¶ 3-10 (Docket No. 32-1). The comments never materialized. *Id.*

On July 25, 2017, Judge Henderson continued the case management conference to August 28, 2017, ordering the parties to submit a joint statement on or before August 21, 2017, and also advising the parties of his impending retirement and stating that "the Court finds it prudent to continue the July 31, 2017 case management conference to leave maximum discretion in how to manage this case to the newly assigned judge." *See* Docket No. 37 at 1. Judge Henderson also found that, "[a]lthough Plaintiff's counsel's personal difficulties are interfering with his ability to represent Plaintiff in this case, the Court does not at this time find good cause to dismiss the case for failure to prosecute." *Id.* Judge Henderson "encourage[d] counsel to continue seeking co-counsel or substitute counsel to assist with the prosecution of this case." *Id.*

## II. DEFENDANTS' MOTION TO COMPEL

Having set forth the background leading to this motion, the Court now addresses each issue for which Defendants move to compel responses.

---

[2] Mr. Gomes did not file a declaration under penalty of perjury regarding the hardships he claims.

4

A. <u>Written Responses to Requests for Production and Interrogatories</u>

Defendants point out that, notwithstanding the production of certain documents, Plaintiff has not served any *written* responses or objections to the Requests for Production or Interrogatories they served.

Federal Rule of Civil Procedure 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully *in writing* under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Further, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." *Id.* ¶ (b)(2).

Federal Rule of Civil Procedure 34 provides, with respect to requests for production of documents, that "[t]he party to whom the request is directed must respond *in writing* within 30 days after being served . . . ." Fed. R. Civ. P. 34(b)(2)(A) (emphasis added). Further,

> [f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

*Id.* (b)(2)(B).

Here, the record clearly demonstrates that Plaintiff has failed to produce any written responses to Defendants' interrogatories and requests for production, as required by Rules 33 and 34. Accordingly, the Court **GRANTS** Defendants' motion to compel responses in writing, and **ORDERS** Plaintiff to serve written responses to Defendants' requests for production and interrogatories within two weeks of this Order.[3]

B. <u>RFP #1: "All DOCUMENTS identified or referred to in YOUR initial disclosures."</u>

In addition to Plaintiffs' generalized failure to produce written responses, Defendants claim

---

[3] Defendants have not argued that Plaintiff's objections have been waived for failure to state them in a timely manner. Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(A); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Therefore the Court does not address the issue at this time.

that Plaintiff has not yet produced documents identified in his initial disclosures and subject to Defendants' Request for Production No. 1. As quoted from Plaintiff's initial disclosures, these include:

> a. "Photographs of plaintiff"
> b. "Written statements or recordings of Nikko Bravo"
> c. "Photographs of tool or so-called knife"
> d. "Photograph of Apartment 20, 1275 Fulton Street"
> e. "Restraining Orders sought and obtained by plaintiff and/or any tenant"
> f. "Internet postings by plaintiff"
> g. "Internet postings by Nikko Bravo"

Motion at 6.

By definition, a document identified in a party's initial disclosures is a document the party "has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Accordingly, Plaintiff has no basis to argue that documents he identified in support of his claims or defenses are irrelevant to this litigation or disproportionate to the needs of discovery. Thus, the Court **GRANTS** Defendants' request and **ORDERS** Plaintiff to produce those documents identified in his initial disclosures, or to state in writing to Defendants if he maintains that they are not in his possession or protected by privilege, within two weeks of this Order.

C. <u>RFP #2: "All DOCUMENTS identified or referred to in YOUR responses to interrogatories in this case."</u>

Defendants also request documents referred to in Plaintiff's response to their interrogatory requests. *See* Fed. R. Civ. P. 33(d). Plaintiff has not yet responded to the interrogatories, so it is not yet known the extent to which Plaintiff will "identify" or "refer" to documents in his responses. However, out of Defendants' 13 interrogatories, only Interrogatory No. 6 explicitly asks Plaintiff to identify documents: "Please IDENTIFY all DOCUMENTS that support any claim for damages by YOU in this case." Bers Decl., Ex. A (Docket No. 26-2). The Court finds that Defendants' request is, on its face, reasonably related to Plaintiff's claims and proportional to the needs of discovery. Accordingly, the Court **GRANTS** Defendants' request. As stated above, Plaintiff is ordered to produce written interrogatory responses within two weeks of this order.

Within two weeks of producing his written interrogatory responses, he shall produce non-privileged documents responsive to RFP 2. To the extent Plaintiff withholds documents on the basis of privilege, he must so state in writing at that time.

D.  RFP # 3: "Any audio or video recording of any portion of the INCIDENT."

Defendants also request a copy of a video taken by Nikko Bravo of the June 2013 incident in this case. Defendants maintain Plaintiff uploaded an edited version onto a website called "CopBlock," and that they are entitled to the video. Bers Decl. ¶ 15(d).

The Court finds the video is reasonably related to the claims and defenses in this litigation, and proportional to the needs of the case. Moreover, Plaintiff's earlier promise to produce the video suggests the request poses no undue burden. Thus, the Court **GRANTS** Defendants' request and orders Plaintiff to produce the video within two weeks of this order.

E.  RFP #4: "All DOCUMENTS relating to, referring to, or describing the INCIDENT."

Defendants are entitled to non-privileged communications in Plaintiff's possession regarding the incident in this case, including email correspondence and internet comment boards, such as CopBlock. The Court finds that this request is reasonably calculated to lead to the discovery of admissible evidence and that it is proportional to the needs of the case. Thus, the Court **GRANTS** Defendants' request and orders Plaintiff to produce responsive documents within two weeks of this order.

F.  RFP #5: "All DOCUMENTS relating to, referring to, or describing the alleged injuries you sustained from the INCIDENT."

The Court finds that these documents are also reasonably calculated to lead to the discovery of admissible evidence, as they relate directly to the injuries Plaintiff alleges that he sustained because of Defendants' conduct. Although patients have a privacy interest in their medical records, here, Plaintiff has placed his medical state at issue by alleging that Defendants' conduct resulted in physical injuries. *See* Second Amended Comp. ¶ 9 ("[Officer Eatia] drew his baton and began to strike plaintiff numerous times with the baton causing injuries to the plaintiff."); *id.* ¶ 25 ("The wrongful conduct of defendants Officer Eatia, Officer Kraus[,] Does 1 to 200 proximately resulted in plaintiff suffering injuries and damages as herein set forth.").

1 Defendants are entitled to test Plaintiff's claim by reviewing medical records documenting the
2 injuries, if any. Thus, the Court **GRANTS** Defendants' request and **ORDERS** Plaintiff to
3 produce responsive documents within two weeks of this Order.[4]

G. RFP #6: "All DOCUMENTS relating to, referring to, or describing prior litigation between YOU and the CITY."

Defendants also request documents relating to prior litigation between Plaintiff and the City, alleging that "prior litigation could show bias." Motion at 7. At this time, the Court lacks sufficient information to conclude that Defendants are entitled to such documents. Their relevance to this case is not obvious. And without any limitations, the request appears vague, overbroad, and ambiguous. Moreover, it is not clear why the City lacks the ability to review its own records or the public dockets to identify prior litigation with Plaintiff. Nevertheless, because Plaintiff has failed to respond to these requests, and the parties have not had the opportunity to meet-and-confer to narrow or focus this request, the Court **DENIES** the request without prejudice and **ORDERS** the parties to meet and confer on this request. The Court is mindful that Plaintiff's attorney has previously been delinquent in his meet-and-confer obligations, and thus warns Plaintiff's attorney that failure to respond to Defendant's request to meet and confer within 7 days of such request may result in entry of sanctions.

H. RFP #7: "All DOCUMENTS relating to, referring to, or describing litigation between YOU and Nikko Bravo."

The incident in this case took place in the apartment of Nikko Bravo, where police detained and arrested Plaintiff. Defendants state that, "[b]ased upon publicly filed documents, Defendants are aware that Nikko Bravo sued Plaintiff in a civil suit, based in part on the Plaintiff's actions for which he was arrested." Motion at 7. They thus argue that "documents from this

---

[4] The Court notes that the parties have not proposed a protective order for this case, but have nevertheless agreed in principle to keep certain documents confidential pending entry of such order, *see* Bers Decl. ¶ 9; documents produced in response to RFP #5 shall be subject to similar provisional protection based on their confidential nature. If the parties do not stipulate to a protective order by September 12, 2017, the Court will adopt the Northern District of California's model protective order, available at http://www.cand.uscourts.gov/model-protective-orders.

1  litigation are likely to contain highly relevant information," including "responses to discovery,
2  deposition testimony, and other discovery materials [that] would be highly relevant in the defense
3  of this case." *Id.*

4  Although the Court does not have sufficient information to assess the relevancy of the
5  separate civil action, it appears that Bravo was a tenant at the address where Plaintiff was arrested,
6  "filed numerous police reports regarding Plaintiff's conduct while further partially, but
7  substantially, causing harassment of plaintiff and ultimately the unlawful imprisonment and arrest
8  of Plaintiff," Second Amended Compl. ¶ 13, and placed "his signature on a 'Citizen's Complaint
9  Form'" about Plaintiff. *Id.* ¶ 14. Plaintiff's counsel has apparently already represented to
10 Defendants that documents related to the civil case will be produced, suggesting that the request is
11 not burdensome. Bers Decl. ¶ 23. Thus, the Court **GRANTS** the request. Within two weeks,
12 Plaintiff must produce documents from that litigation relating to the allegations in this case,
13 including the incident in question, except to the extent they are privileged.

### III. DEFENDANTS' REQUEST FOR SANCTIONS

15 Defendants argue that sanctions are appropriate here because "Plaintiff has no substantial
16 justification for his failure to provide any written responses or complete his production,"
17 "Plaintiff's counsel has repeatedly stated his intent to produce documents and serve written
18 responses," and "Plaintiff's counsel has not only failed to comply with discovery rules [but] has
19 also repeatedly flouted the Federal Rules of Civil Procedure and the Civil Local Rules." Motion at
20 8. As a result of Plaintiff's failure to meet his obligations, Defendants' counsel expended 9 hours
21 writing the motion to compel, and, at the time of filing, anticipated expending an additional 4
22 hours reviewing Plaintiff's response and then preparing for and arguing the motion. Bers Decl. ¶
23 27. At an estimated hourly rate of $500 per hour, the City requests $6,500 in sanctions. *Id.* ¶¶ 28-
24 30; Motion at 8.

25 Generally, Rule 37 requires violation of a discovery order for entry of discovery sanctions.
26 Fed. R. Civ. P. 37(b)(2)(A) (permitting sanctions when a party "fails to obey an order to provide
27 or permit discovery"); *Life Tech. Corp. v. Biosearch Tech., Inc.*, 2012 WL 1600393, at *8 (N.D.
28 Cal. May 7, 2012) (Rule 37 "grants courts the authority to impose sanctions where a party has

violated a discovery order, including a protective order issued pursuant to Rule 26(f)"). However, sanctions are also available if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). In such circumstances, the Court is authorized to enter the type of sanctions requested here, such as "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Moreover, sanctions are appropriate even if the failure to respond was not willful. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985).

Plaintiff's counsel's failure to provide written responses to Defendants' interrogatories and requests for production constitutes a basis for sanctions under Rule 37(d). Defendants have complied with the requirement for "a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). The Court is mindful of the difficult circumstances in Plaintiff's counsel's personal life. However, attorneys have a professional obligation to represent their clients competently. *See* Cal. Rules of Prof. Conduct 3-110(a). This includes an obligation "to apply the . . . mental, emotional, and physical ability reasonably necessary for the performance of such service." *Id.* ¶ (B). An attorney may be required to seek withdrawal of representation if "[t]he member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively." Cal. Rules of Prof. Conduct 3-700(B)(3). Further, the local rules of this Court require every attorney to "[d]ischarge his or her obligations to his or her client and the Court." Civil L.R. 11-4(a)(5). This Court's Guidelines on Professional Conduct – with which all attorneys in this Court must be familiar, *see* Civil L.R. 11-1(c)(4) – make clear that "[a] lawyer should be punctual in communications with others and in honoring scheduled appearances." Guideline No. 6, available at http://www.cand.uscourts.gov/professional_conduct_guidelines. Time enough has passed without compliance with the rules governing discovery.

Moreover, Plaintiff's counsel's failure to serve discovery responses was not an isolated example. Counsel failed to do so several times, even after making several promises to Defendants

10

to the contrary. His failure to serve discovery responses was part of a pattern over the course of several months to communicate with Defendants in a timely fashion, to meet discovery obligations on behalf of his client, to comply with court orders, and to appear at required hearings on behalf of his client. Together, and in light of Plaintiff's counsel's ethical obligations, it appears that Plaintiff's counsel's failure was not "substantially justified" and there are no "other circumstances make an award of expenses unjust." Rule 37(d)(3).

The Court, however, is reluctant to enter sanctions without giving Plaintiff's counsel one more opportunity to be heard. Although Plaintiff's counsel has had an opportunity to file a brief in opposition (which he did not take), he has not yet had an opportunity to appear at a hearing. The June 26, 2017 hearing originally scheduled for this motion was vacated by Judge Henderson, Docket No. 29, and a new hearing date was never set.

Thus, the Court reserves its decision to impose sanctions until the September 12, 2017 Case Management Conference, when Mr. Gomes will have an opportunity to show why sanctions should not issue. Plaintiff's counsel, Mr. Gomes, is warned that his failure to appear at the September 12, 2017 hearing will result in the Court granting Defendants' request for sanctions.[5] Moreover, Plaintiff's counsel, whether Mr. Gomes or properly substituted counsel, must

///
///
///
///
///
///
///
///
///

---

[5] Because Plaintiff never filed an opposition to the motion and a hearing was never convened, the Court counts only the 9 hours Defendants' counsel expended in preparing the motion, not the 4 hours they estimated they would need to prepare a reply. *See* Bers Decl. ¶ 28.

11

personally appear at the September 12, 2017 Case Management Conference.  If counsel for Plaintiff fails to appear at the hearing, the Court may dismiss this case for failure to prosecute. Plaintiff's counsel is ordered to send a copy of this order to Mr. Sabel within seven (7) days of this order, and shall file a declaration so certifying by September 5, 2017.

**IT IS SO ORDERED**.

Dated: August 25, 2017

_____
EDWARD M. CHEN
United States District Judge