UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN WALTER SABEL,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 16-cv-04832-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR TERMINATING AND MONETARY SANCTIONS**<br><br>Docket No. 65 |

Defendants move for terminating sanctions dismissing Plaintiff Normal Sabel's complaint and monetary sanctions in the amount of $3,000 based on Mr. Sabel's failure to prosecute the case, failure to timely respond to discovery requests, and persistent failure to comply with numerous Court orders. For the reasons below, the Court **GRANTS** Defendants' request for terminating sanctions but **DENIES** the request for monetary sanctions.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The key events meriting sanctions are summarized here. At least 5 orders to show cause hinting that the case may be dismissed for failure to comply with a court order, appear at a mandatory hearing, or fulfill discovery obligations have been issued in less than 10 months:

1. **May 1, 2017**: "If [Plaintiff's counsel] fails to file a timely statement or appear for the hearing, the case will be dismissed with prejudice for failure to prosecute." Docket No. 22.

2. **June 29, 2017**: "Failure to comply with any provisions of this order shall result in dismissal of this case without prejudice." Docket No. 31.

---

[1] This matter is appropriate for resolution without oral argument and the March 15, 2018 hearing is hereby **VACATED**. *See* Civil Local Rule 7-1(b).

3. **August 25, 2017**: "If counsel fails to appear at the hearing, the Court may dismiss this case for failure to prosecute." Docket No. 40.

4. **September 12, 2017**: "The Court will issue an OSC as to why the case should not be dismissed if discovery responses [by Plaintiff] are not produced within 2 weeks." Docket No. 44.

5. **September 15, 2017**: "Plaintiff Norman Sabel has failed to timely respond to Defendant's discovery requests and to comply with this Court's August 25, 2017 discovery order (as he has with other deadlines). The Court will give Mr. Sabel one more chance. He must fully comply with the August 25 order by September 27, 2017. If he does not, then he must . . . explain why the Court should not enter the sanction of dismissal of his claims with prejudice." Docket No. 46.

Furthermore, the Court has repeatedly warned Mr. Sabel that he must comply with his discovery obligations or else risk dismissal of his claims. *See*, *e.g.*, Docket No. 50 (Sep. 29, 2017) ("The Court admonished Mr. Sabel that he is obligated with or without counsel, to fulfill his obligations as a party to this litigation consistent with applicable rules."); Docket No. 63 (Dec. 18, 2017) ("The Court directed plaintiff to produce the documents, sign the verifications, and to file a declaration to verify any documents that cannot be found after a complete search . . . by 1/4/18."). These warnings were issued directly to Mr. Sabel, not merely to his attorney of record at the time.

Mr. Sabel has failed to comply with the Court's admonishments, the Court's August 25, 2017 discovery order on Defendants' motion to compel, and the Court's subsequent orders reiterating his discovery obligations. *See* Docket Nos. 40, 50, 63. Defendants thereafter filed the instant motion seeking terminating sanctions on January 10, 2018, to which Plaintiff has not filed an opposition. *See* Docket No. 65.

At the most recent February 1, 2018 case management conference, Plaintiff appeared and stated he would stipulate to dismissal of the case. The Court ordered the parties to submit a stipulation for dismissal by February 9, 2018. *See* Docket No. 70. However, Mr. Sabel has not cooperated with Defendants' efforts to submit a stipulation and has ignored several inquiries from Defendants and the Court regarding the stipulation. The Court must therefore adjudicate

2

Defendants' motion.

## II. DISCUSSION

The Court ordered Plaintiff to respond to Defendants' discovery requests, produce certain documents, and verify his interrogatory responses in August 2017, over six months ago. *See* Docket No. 40. Mr. Sabel has failed to do so. When a party violates a court order compelling discovery, the Court may impose sanctions "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). In determining whether terminating sanctions are warranted, the Court must weigh five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants;

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

*Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986), *cert. denied*, 479 U.S. 829 (1986).

These factors weigh in favor of dismissal. Plaintiff's non-compliance with discovery orders undermines the public interest in resolution of litigation and the Court's ability to manage its docket. It has prejudiced Defendants by forcing them to expend time and resources to elicit Mr. Sabel's compliance. Less drastic sanctions are unlikely to work; indeed, the docket is littered with various orders for compliance and threats of dismissal, and Mr. Sabel has been personally aware at least since July 25, 2017 that the Court would dismiss his claims if he failed to comply with discovery obligations. Finally, Mr. Sabel has effectively waived any argument against dismissal by indicating that he intends to withdraw his claims at the February 1, 2018 case management conference. *See* Docket No. 70. His claims will be dismissed with prejudice.

The Court declines to award monetary sanctions, however. Rule 37 indicates that "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). It is not clear whether Mr. Sabel

has any basis to assert that his dilatory behavior is justified, but other circumstances make an award unjust here. In particular, Plaintiff's counsel, Timothy Gomes, appears to be at least partially responsible for non-compliance prior to his withdrawal on October 2, 2017. *See* Docket No. 50. Subsequent to that time, Mr. Gomes was dilatory in timely providing Mr. Sabel with the information and documentation necessary to attempt to locate new counsel or comply with some discovery obligations. *See* Docket Nos. 54, 58, 61. Mr. Gomes did not file a declaration affirming he had transferred the complete case file to Mr. Sabel until December 28, 2017. *See* Docket No. 64. Though Mr. Gomes failed to comply with the Court's orders, the award of monetary sanctions would be unjust in light of his pro se status and his prior counsel's failure to timely provide him certain files.

### III. CONCLUSION

The Court **GRANTS** Defendants' motion for terminating sanctions and **DISMISSES** the case with prejudice. The Clerk of the Court is instructed to close this matter. The Court **DENIES** Defendants' motion for monetary sanctions.

This order disposes of Docket No. 65.

**IT IS SO ORDERED**.

Dated: March 8, 2018

_____
EDWARD M. CHEN
United States District Judge